UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSA MARIE BIZONIA,<br><br>             Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>             Defendant. | Case No. CV 10-6021 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

Plaintiff filed a Complaint herein on August 12, 2010, seeking review of the Commissioner's denial of her application for disability insurance benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on April 13, 2011. Thus, this matter now is ready for decision.[1]

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

# DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal are as follows:

1. Whether the Administrative Law Judge ("ALJ") erred in finding at step two that plaintiff's depression does not even amount to a legally severe impairment.

2. Whether the ALJ erred in rejecting the physical functional capacity opinions of treating family practitioner Sharma.

3. Whether the ALJ's finding that plaintiff's testimony regarding her functional limitations is not credible is supported by substantial evidence.

# DISCUSSION

With respect to Disputed Issue No. 3, the Court concurs with the Commissioner that reversal is not warranted based on the ALJ's alleged failure to make a proper adverse credibility determination. The Court finds that the reasons given by the ALJ at AR 23-24 were sufficiently specific to support the ALJ's rejection of plaintiff's excess pain and subjective symptom testimony. See, e.g., Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (ALJ may properly rely on inconsistency between claimant's subjective complaints and objective medical findings, and lack of consistent treatment); Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (ALJ may properly consider inconsistencies either in claimant's testimony or between claimant's testimony and claimant's conduct, claimant's daily activities, and claimant's work record); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly consider conflict between claimant's testimony of subjective complaints and objective medical evidence in the record, and may properly rely on contradictions between claimant's reported limitations and claimant's daily activities); Johnson v. Shalala, 60 F.3d 1428, 1432 (9th Cir. 1995) (ALJ may properly

rely on inconsistencies in the claimant's testimony and fact that only conservative treatment had been prescribed); Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ may properly rely on lack of objective evidence to support claimant's subjective complaints and failure to pursue treatment); Flaten v. Secretary of Health & Human Svcs., 44 F.3d 1453, 1464 (9th Cir. 1995) (ALJ may properly rely on minimal medical treatment for back pain).

With respect to Disputed Issue No. 2, for the reasons stated by the Commissioner (see Jt Stip at 28-32), the Court finds that reversal is not warranted based on the ALJ's alleged error in rejecting the opinion of Dr. Sharma as to plaintiff's physical functional capacity, as reflected on the Multiple Impairment Questionnaire form dated June 29, 2008. (See AR 281-87.) See, e.g., Valentine v. Comm'r of Social Sec. Admin., 574 F.3d 685, 692-93 (9th Cir. 2009) (holding that contradiction between a treating physician's opinion and his treatment notes constitutes a specific and legitimate reason for rejecting the treating physician's opinion); Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (holding that contradiction between treating physician's assessment and clinical notes justifies rejection of assessment); Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004) (noting that "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, . . . or by objective medical findings"); Thomas, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) ("When confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings."); Morgan, 169 F.3d at 602 (holding that a treating or examining physician's opinion based on the plaintiff's own complaints may be disregarded if the plaintiff's complaints have been properly discounted); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997) (ALJ

may legitimately accord less weight to, or reject, the opinion of a doctor based on the self reporting of an unreliable claimant where that claimant's complaints have been properly discounted); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (holding that an ALJ may reject check-off forms that do not contain an explanation of the bases for their conclusions); Johnson, 60 F.3d at 1433 (holding that contradiction between doctor's treatment notes and finding of disability was valid reason to reject treating physician's opinion).

However, with respect to Disputed Issue No. 1, the Court concurs with plaintiff that the ALJ erred in finding at step two that plaintiff's depression does not even amount to a legally severe impairment. A psychiatric impairment may be found "not severe" at step two of the Commissioner's sequential evaluation process only where the impairment "has no more than a minimal effect" on the claimant's mental ability to perform basic work activities. See 20 C.F.R. § 416.921(a). Basic mental work activities include understanding, carrying out, and remembering simple instructions; use of judgment; responding appropriately to supervision, co-workers and usual work situations; and dealing with changes in a routine work setting. See 20 C.F.R. § 416.921(b); Social Security Ruling[2] ("SSR") 85-28. If a finding of non-severity is not "clearly established by medical evidence," adjudication must continue through the sequential evaluation process. See SSR 96-3p; see also Yuckert v. Bowen, 841 F.2d 303, 306-07 (9th Cir. 1988); McDonald v. Secretary of Heath & Human Svcs., 795 F.2d 1118, 1124-25 (1st Cir. 1986).

Here, in finding that plaintiff's "depressive disorder did not significantly limit her ability to perform basic work activities, and was therefore non-severe within the meaning of the Regulations" (see AR 21), the ALJ implicitly rejected the opinion of plaintiff's treating physician that plaintiff was incapable of even tolerating "low

---

[2] Social Security Rulings are binding on ALJs. See Terry v. Sullivan, 903 F.2d 1273, 1275 n.1 (9th Cir. 1990).

4

stress" (see AR 286), the opinion of the consultative examiner (Dr. Conover) based on his own examination and clinical findings that plaintiff inter alia had a current Global Assessment of Functioning ("GAF") score of 60[3] (see AR 228), and the opinion of the State agency physician (Dr. Tashjian) based on his review of plaintiff's medical records (including Dr. Conover's examination report) that plaintiff inter alia was moderately impaired in the ability to maintain attention and concentration for extended periods and moderately impaired in the ability to respond appropriately to changes in the work setting (see AR 245-46), which opinion subsequently was affirmed by the reviewing State agency physician (Dr. Dalton) (see AR 264). For the reasons stated by plaintiff (see Jt Stip at 10-14), the Court finds that the ALJ failed to provide legally sufficient reasons, supported by the evidence of record, for rejecting these opinions.

Moreover, the Court disagrees with the Commissioner that the ALJ's step two finding that plaintiff had other severe impairments rendered moot the issue of whether the ALJ erred in making his non-severity finding with respect to plaintiff's depressive disorder. Dr. Conover's report evidences that he also was of the opinion that plaintiff would have difficulty multi-tasking and was limited to "attending to one item at a time." (See AR 228). Consistent with this opinion, Dr. Tashjian opined that plaintiff was moderately limited in the ability to understand and remember detailed instructions and moderately limited in the ability to carry out detailed instructions. While these other opinions to the effect that plaintiff's mental impairment limited her

---

[3] A GAF score of 60 is indicative of "[m]oderate symptoms *(e.g., flat affect and circumstantial speech, occasional panic attacks)* or moderate difficulty in social, occupational, or school functioning *(e.g., few friends, conflicts with peers or co-workers)*." By way of contrast, the GAF range for "absent or minimal symptoms" is 81-90, the GAF range for "no more than slight impairment in social, occupational, or school functioning" is 71-80, and the range for "mild symptoms" is 61-70. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed.).

to understanding, carrying out, and remembering simple instructions were not inconsistent with the ALJ's non-severity finding, they were inconsistent with the ALJ's failure to include any mental limitations in his Residual Functional Capacity ("RFC") assessment. Yet nowhere in the section of his decision explaining the basis for his RFC assessment did the ALJ even purport to provide any rationale for his failure to include any mental limitations in that assessment.

## CONCLUSION AND ORDER

As to the issue of the appropriate relief, the law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister, 888 F.2d at 603; Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

The Court has concluded that this is not an instance where no useful purpose would be served by further administrative proceedings; rather, additional administrative proceedings still could remedy the defects in the ALJ's decision.

//
//
//
//
//

6

1  Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY
2  ORDERED that Judgment be entered reversing the decision of the Commissioner of
3  Social Security and remanding this matter for further administrative proceedings.[4]

5  DATED: May 3, 2011

_____
ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[4] It is not the Court's intent to limit the scope of the remand.